UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAYLE BLUE,<br>*Plaintiff*, | )<br>)<br>) | 3:21-CV-00762 (KAD) |
| v. | )<br>) | |
| ZACHARY O'BRIGHT,<br>*Defendant*. | )<br>) | DECEMBER 6, 2021 |

**MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SANCTIONS
(ECF NO. 26)**

Kari A. Dooley, United States District Judge

Defendant, Zachary O'Bright, moves for sanctions against Plaintiff, Dayle Blue, pursuant to Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's noncompliance with the Court's discovery Orders. ECF No. 26. For the reasons set forth below, Defendant's Motion for Sanctions is GRANTED in part.

**Procedural History**

Defendant served Plaintiff with Interrogatories and Requests for Production on July 20, 2021. ECF No. 22-2. By (untimely) motion dated August 31, 2021, Plaintiff sought an extension of time, until September 30, 2021, to respond to this discovery which the Court granted and so ordered. ECF No. 21. Plaintiff did not respond by the extended deadline so, on October 8, 2021, Defendant filed a motion to compel responses. ECF No. 22. On October 13, 2021, during a telephonic status conference, the Court granted Defendant's motion to compel and ordered Plaintiff to respond to Defendant's Interrogatories and Requests for Production by October 27, 2021. ECF No. 25. When Plaintiff did not respond by the further extended deadline, Defendant filed the instant Motion for Sanctions, seeking either a dismissal or the entry of a default judgment

against Plaintiff. ECF No. 26. Plaintiff did not file any opposition to the motion and the time to do so has now passed.

**Discussion**

Pursuant to Rule 37(b), if a party fails to obey a discovery order, the Court may issue an order, inter alia, "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence; . . . dismissing the action . . . in whole or in part; [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). For example, in *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc*., the United States Court of Appeals for the Second Circuit upheld the dismissal of a party's complaint "for its failure to obey repeated orders to provide discovery" to an opposing party. 845 F.2d 1172, 1176 (2d Cir. 1988). There, the court found noteworthy that the non-compliant party "repeatedly refused to answer" the other party's interrogatories. *Id*. Although the Second Circuit acknowledged that dismissal was a "drastic remedy," it agreed with the district court that the non-compliant party's "flagrant disregard of court orders . . . justified the imposition of the sanction of dismissal: [the non-compliant party] failed to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the non-compliant party] failed to provide adequate responses." *Id*. at 1176–77.

Here, Plaintiff not only failed to meet her discovery obligations under the Federal Rules of Civil Procedure, but she brazenly failed to comply with the Court's Orders that she do so. She has offered no justification or explanation for her noncompliance. In light of this apparently steadfast refusal to participate in the discovery process, sanctions pursuant to Rule 37(b) are certainly

warranted. However, the Court, at this nascent stage of the litigation, does not believe that the "drastic" sanctions of dismissal or default are appropriate where Plaintiff's noncompliance might still be remedied and at this point she has only flouted two of the Court imposed deadlines, rather than "repeated orders to provide discovery." *John B. Hull*, 845 F.2d at 1176. Accordingly, the Court provides Plaintiff with one final chance to respond to Defendant's Interrogatories and Requests for Production, which she shall do on or before December 20, 2021. This deadline shall not be further extended.

Moreover, there being no substantial justification for Plaintiff's noncompliance or other circumstances making an award of expenses pursuant to Rule 37(b)(2)(c) unjust, Defendant shall be awarded his reasonable attorneys' fees in making both his motion to compel, ECF No. 22, and his motion for sanctions, ECF No. 26. An award of attorneys' fees pursuant to Rule 37(b) is calculated "according to the lodestar formula, in which the number of hours spent by the attorneys is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995) (quotation marks and citations omitted). The lodestar is the presumptively reasonable fee in determining the amount of attorneys' fees and costs warranted in connection with a motion for sanctions. *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 337 (S.D.N.Y. 2016); *see also Friedman v. SThree PLC.*, No. 3:14CV00378(AWT), 2017 WL 4082678, at *3 (D. Conn. Sept. 15, 2017). Defendant has not submitted any information to the Court regarding the time spent preparing either the motion to compel or the motion for sanctions or the hourly rates of the persons involved. The Court cannot therefore determine the lodestar or whether any adjustment to the lodestar is appropriate under the circumstances. On or before January 7, 2022, Defendant shall submit an affidavit of attorneys' fees which provides sufficient

information for the Court to determine an appropriate award. Plaintiff shall have the opportunity to contest the reasonableness of the award sought by objection on or before January 17, 2022.

**Plaintiff is on notice that failure to comply with this Order may result in a dismissal of the case with prejudice upon a renewed motion by Defendant.**

**Conclusion**

Defendant's Motion for Sanctions is GRANTED in part. Plaintiff shall respond to Defendant's Interrogatories and Requests for Production on or before December 20, 2021. Defendant shall submit an affidavit of attorneys' fees on or before January 7, 2022. Plaintiff may object to the reasonableness of the attorneys' fees sought by Defendant on or before January 17, 2022.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of December 2021.

                                                                 /s/ Kari A. Dooley
                                                                 KARI A. DOOLEY
                                                                 UNITED STATES DISTRICT JUDGE